# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHEMTALL INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>BASF SE and BASF Corp.<br><br>Defendant. | Civil Action No.: 4:17-cv-00186-RSB-BWC<br><br>**PUBLIC REDACTED VERSION** |

### BASF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE APPEAL OF RELATED ACTION

Defendants BASF SE and BASF Corp. respectfully move this Court to stay this action until the case on which it is based, Civil Action No. 4:17-cv-00251 (the "Infringement Action"), is resolved on appeal at the Federal Circuit. At the core of both cases is one question: is the '329 patent invalid in view of the Sanyo Sanwet Process? If the Federal Circuit definitively decides that the answer is "no", the foundation for this case collapses. It makes no sense in these circumstances to move forward and engage (again) in costly multi-million dollar litigation without that critical appellate guidance. Staying this case until the Federal Circuit decides the fate of the Infringement Action will avoid waste, conserve judicial resources, and assure consistency in results. The granting of a stay also protects the Federal Circuit's jurisdiction to decide the validity issue raised on appeal.

Fundamentally, the two actions share common facts, common law, and a common patent—the '329 patent. Beyond its claims, even the damages Chemtall seeks in this action stem from the Infringement Action—namely, the attorneys' fees and costs incurred in the Infringement Action. Chemtall has sought those same fees in the Infringement Action, and thus

Chemtall's claims for relief here cannot be fully resolved until the appeal of the Infringement Action is complete.

Significantly, Chemtall will suffer no undue prejudice from a stay. A delay in its potential recovery of monetary damages is not undue prejudice and pales in comparison to the resources conserved and efficiencies achieved by staying this case until the Federal Circuit appeal runs its course. Therefore, BASF respectfully requests that the Court exercise its discretion and stay this action and the related actions[1] pending resolution of the Federal Circuit appeal.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In 2014, BASF Corp. sued Chemtall and its affiliates for infringement of U.S. Patent 5,633,329 (the '329 patent) in the United States District Court for the Southern District of Texas. Riddle Decl. ¶ 7; Inf. Action, ECF 1.

In response to the complaint, Chemtall first sought to invalidate the '329 patent at the Patent Office via an *inter partes* review ("IPR") filed in January 2015. Riddle Decl. ¶ 8; Inf. Action, ECF 203-3 (Ex. 1). At Chemtall's request, the Infringement Action was stayed for nearly a year during the IPR. Riddle Decl. ¶ 8; Inf. Action, ECF 77. The Patent Office ultimately rejected Chemtall's invalidity claims and the validity of the '329 patent was upheld. Riddle Decl. ¶ 9; ECF 43-9 (Ex. 8) at 23. The Federal Circuit thereafter affirmed the Patent Office's decision upholding the validity of the '329 patent. *SNF Holding Co. v. BASF Corp.*, 698 F. App'x 1034, 1035 (Fed. Cir. 2017) (unpublished).

---

[1] The related actions are Case Nos. 4:18-mc-00013-RSB-JEG and 4:18-mc-00018-RSB-BWC. Both of these miscellaneous actions stem from motions to compel discovery from third party subpoena recipients in this action. A stay of the present action would necessarily obviate the Court's need to address those issues for the time being.

After the district court stay was lifted, discovery closed in the Infringement Action in July 2017. Inf. Action, ECF 132. Three weeks later, on the day dispositive motions were due, Chemtall sought to inject unclean hands into the case for the first time. Riddle Decl. ¶ 14; Inf. Action, ECF 198-1. In its motion, Chemtall claimed that BASF had improperly withheld discovery of the Sanyo Sanwet Process. Inf. Action, ECF 198-1 at 1-2. BASF Corp. opposed on the merits, and the district court denied Chemtall's motion. Riddle Decl. ¶ 14; Inf. Action, ECF 251.

Four days later, Chemtall filed this action against BASF SE, based on the same, just rejected unclean hands allegations. Riddle Decl. ¶ 15; *Compare* Inf. Action, ECF 198-1 at 2 (Motion denied at ECF 251), *with* ECF 24 ¶¶ 34, 63. This action is derivative of and stems from the Infringement Action. The underlying allegations here are premised on the same '329 patent and the same Sanyo Sanwet Process at issue in the Infringement Action. In this case, Chemtall contends that BASF Corp. and BASF SE brought the Infringement Action in bad faith because the parties purportedly knew that the Sanyo Sanwet Process invalidates the '329 patent. ECF 24. Chemtall's claims are thus premised on invalidity of the '329 patent. Apart from that, the damages sought in this action includes the attorneys' fees incurred in the Infringement Action, underscoring further the connection of the two cases. Riddle Decl. ¶ 25.

The Infringement Action subsequently was transferred to this Court. Riddle Decl. ¶ 16; Inf. Action, ECF 288. Immediately after that, Chemtall amended its complaint in this action to add BASF Corp. as a party. Riddle Decl. ¶ 16; ECF 24 (Amended Complaint). It also sought to consolidate the Infringement Action with this case because of what it described as the overlap in the two cases. Specifically, Chemtall maintained that (1) this action and the Infringement Action involve common questions of law and fact; (2) consolidation would conserve judicial and party

resources; and (3) it would not cause delay or other prejudice to BASF Corp. and BASF SE. Riddle Decl. ¶ 17; ECF 32 at 4.

BASF responded with motions to dismiss this case on multiple grounds (ECF 50, 51, and 52), and those motions are currently pending. Riddle Decl. ¶ 18. BASF has not yet answered, and there is no trial date. Riddle Decl. ¶ 18; ECF 69. There also are more than 20 pending motions related to discovery, scheduling, and expert reports. Riddle Decl. ¶ 18. The current summary judgment deadline is November 16, 2018. ECF 69.

On October 4, 2018, the Court in the Infringement Action issued a summary judgment ruling finding the claims of the '329 patent invalid based on the Sanyo Sanwet Process. Riddle Decl. ¶ 19; Inf. Action, ECF 355. On November 9, 2018, BASF Corp. appealed that ruling to the Court of Appeals for the Federal Circuit. Riddle Decl. ¶ 20; Inf. Action, ECF 362. BASF seeks this stay in connection with the filing of that notice because the issues raised on appeal will center on the district court's invalidity determination, which also is central in this case.

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Seymore v. Quantum3 Grp.*, *LLC*, No. CV 115-071, 2015 WL 3651485, at *1 (S.D. Ga. June 8, 2015); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Optimal management of the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254–55.

Consistent with this broad, discretionary authority to control its docket, "[a] federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state." *CIGNA Healthcare of St. Louis, Inc. v. Kaiser,* 294 F.3d 849, 851 (7th Cir. 2002). As this Court has stated:

> the Eleventh Circuit has held that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Indeed, a stay "sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."

*Seymore*, 2015 WL 3651485, at *1 (quoting *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)). In addition, "[a] district court has discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results." *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05CV156, 2005 WL 1126750, at *2 (N.D. Ohio Apr. 29, 2005) (quoting *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, unreported, 879 F.2d 864 (6th Cir. July 17, 1989)).

In particular, in a patent case, when the Federal Circuit[2] has a pending appeal concerning issues relevant to a pending district court proceeding, a stay of the district court proceedings can achieve substantial benefits, such as conserving the district court's and the parties' resources while the appellate court with patent law expertise resolves the issues on appeal. *Navico Inc. v. Garmin Int'l, Inc.*, No. 14-CV-0303-CVE-TLW, 2016 WL 8115365, at *2 (N.D. Okla. Jan. 15, 2016).

Here, in deciding whether to stay litigation pending resolution of a related action, this Court should consider the following factors:

---

[2] The United States Court of Appeals for the Federal Circuit was established under Article III of the Constitution on October 1, 1982. It has exclusive appellate jurisdiction over cases arising under the patent laws.

(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party;

(2) whether a stay will simplify the issues in question and trial of the case; and

(3) whether a stay will reduce the burden of litigation on the parties and the court.

*Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014); *Lifewatch Servs., Inc. v. Medicomp, Inc.*, No. 6:09–cv–1909–Orl–31DAB, 2010 WL 963202, at *1 (M.D. Fla. Mar. 16, 2010) (same); *Baxa Corp. v. ForHealth Techs., Inc.*, No. 6:06-CV–353-Orl-19JGG, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006) (same). All of these factors support the requested stay.

### A. A Stay Will Not Unduly Prejudice Chemtall

As to the first factor, undue prejudice, Chemtall seeks only monetary damages in the form of attorneys' fees and costs incurred in the Infringement Action, IPR, and this action. The Infringement Action has been pending for over four years, and the '329 patent is now expired. There is no prejudice or clear tactical disadvantage caused by a stay to await the outcome of the pending appeal under these circumstances. *See Carlini v. Glenn O. Hawbaker, Inc.*, No. 3:17-CV-65, 2018 WL 1229910, at *3 (W.D. Pa. Mar. 8, 2018) ("[T]he Court finds that the potential delay in Plaintiff's recovery does not constitute undue prejudice."); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) ("The mere potential for delay, however, is insufficient to establish *undue* prejudice." (emphasis in original)); *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, No. CV 08-5773 JSW, 2009 WL 1010842, at *4 (N.D. Cal. Apr. 14, 2009) ("delay in recovering potential monetary damages is not sufficient harm" to deny a stay); *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1067 (W.D. Wis. 2008) (finding that a plaintiff's claimed "'injury' . . . that it will have to wait for any money damages" is not sufficient prejudice because that "is always the case when a

stay is imposed"); *ASIS Internet Servs. v. Member Source Media, LLC*, No. C-08-1321 EMC, 2008 WL 4164822, at *2 (N.D. Cal. Sept. 8, 2008) ("[W]here a plaintiff seeks only 'damages for past harm,' and thus, the only injury from a stay would be a delay in monetary recovery[,] there is not a sufficient basis to deny a stay." (citations omitted)).

If anything, the prejudice follows from denying the requested stay, given the expenditure of resources that would follow in this litigation with the potential for those expenditures, as shown below, to be duplicative or wasted. The prejudice to BASF is compounded when one considers that Chemtall seeks to recover its attorneys' fees ***in this action*** on top of fees in the Infringement Action. To allow this action to proceed, attorneys' fees to be incurred, and the potential relief Chemtall seeks to grow greater and greater during the pendency of the appeal is plainly inequitable. On balance, therefore, this factor favors a stay.

### B. A Stay Will Simplify the Issues

The second factor, simplification of issues, also favors a stay. As Chemtall itself has recognized, there is overlap in several respects between the two cases. ECF 32 at 4. That overlap includes the relief sought in the Infringement Action and this one. In both cases, Chemtall seeks (i) a ruling that the '329 patent should not be enforced; and (ii) attorneys' fees and costs incurred in the Infringement Action and the IPR. ECF 24 ¶¶ 67-68; ECF 114 at 4 ("Chemtall seeks damages in the form of attorneys' fees and costs incurred in defending the BASF Action."); ECF 133-3, Ex. B at Ex. 2; Inf. Action, ECF 360-1 (Chemtall's proposed order requesting fees and costs incurred in connection with the Infringement Action and IPR). As for the enforceability of the '329 patent, that issue is directly implicated in the Federal Circuit appeal, given the district court's ruling on summary judgment. An invalid patent cannot be enforced against Chemtall. Inf. Action, ECF 355. As for the attorneys' fees sought, their potential recovery in the Infringement Action is impacted by the resolution of the appeal as well

because only a "prevailing party" can seek fees. *See* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the *prevailing* party.").

Given the admitted relationship and overlap between the two cases, simplification of the issues favors a stay. In resolving the merits of the appeal, the Federal Circuit is expected to rule on: 1) the facts surrounding the Sanyo Sanwet Process; 2) whether the Sanyo Sanwet Process qualifies as prior art; and 3) whether the Sanyo Sanwet Process satisfies the claim limitations of the '329 patent. This, in turn, will inform the enforceability and validity of the '329 patent— issues that are central to this case too. Beyond that, the Federal Circuit will consider the expert testimony of Mr. Hugh Fowler, whose testimony is a part of this case as well. Inf. Action, ECF 355 at 13 (summary judgment order relying on Mr. Fowler's expert report in Infringement Action); ECF 102-8 (Sealed Exhibit G) ¶ 19 (Mr. Fowler's report in this case incorporating report from Infringement Action).

Finally, resolution of the Federal Circuit appeal also will affect the relief Chemtall seeks in this action. Chemtall seeks attorneys' fees and costs in the Infringement Action and in the IPR (both of which Chemtall already seeks in the Infringement Action) as part of its recovery in this case, and Chemtall cannot recover the same fees and costs twice. *See Cheeks v. Wachovia Bank, Nat'l Ass'n*, No. 1:05-CV-165, 2006 WL 8432636, at *3 (S.D. Ga. May 10, 2006) ("In this case, though from a different source and under a different theory, Plaintiff seeks recovery of the same funds. 'Georgia, as part of its common law and public policy, has always prohibited a plaintiff from a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole.'" (quoting *Ga. Northeastern R.R. Inc. v. Lusk*, 587 S.E.2d 643, 644 (Ga. 2003)); *see also Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017 (Fed. Cir. 2006). ("[D]ouble

recovery for the same injury is inappropriate."). Therefore, the ultimate resolution of Chemtall's claims in the Infringement Action will influence the amount of damages—if any—that Chemtall can recover here.[3] As such, Chemtall's claims for relief in this case cannot be fully resolved until the appeal concludes.

As the foregoing analysis shows, because of the direct relationship between the Infringement Action and this one, the issues to be resolved in this case will be informed and clarified by the resolution of the Federal Circuit appeal. Those benefits establish that this factor, too, favors a stay. *See Carlini*, 2018 WL 1229910, at *3 (finding that a stay would simplify the issues because "the ultimate resolution of Plaintiff's compensatory damage award in her state court case will influence the amount of damages that Plaintiff may recover before this Court"); *Navico*, 2016 WL 8115365, at *2 (staying case pending final determination of any appeal filed with the Federal Circuit, noting that "a court with substantial expertise in patent matters" will be examining overlapping, disputed issues, which could lead to a waste of the Court's and parties' resources).

### C. A Stay Will Reduce the Burden on the Court and the Parties

On the last factor, a stay of this action will promote judicial economy. This case is still in its early phases. BASF filed motions to dismiss this case on legal and jurisdictional grounds, those motions are pending, and BASF has not yet answered. ECF 50, 51, and 52. There is no trial date. ECF 69. There are more than 20 pending and unresolved motions, and the resolution of the pending motions alone will involve extraordinary judicial and party resources. Further proceedings will increase the investment of resources by the parties and this Court. Yet, moving forward with these proceedings without the Federal Circuit's decision threatens duplication,

---

[3] Chemtall's purported damages may be moot in their entirety given the outcome of the Federal Circuit's appeal. *See* 35 U.S.C. § 285.

waste, and inconsistency so long as the validity and enforceability issues lack the benefit of the Circuit Court's guidance.

Judicial economy will be served by knowing what remains for decision after appeal and before the substantial effort is invested to resolve the many, disputed issues or conduct a trial. There is no reason to move forward with this action in the face of uncertainty when doing so brings the potential for duplicative costs, unnecessary proceedings, a waste of resources, and inconsistent results. Granting the requested stay also will protect the jurisdiction of the Federal Circuit to decide the relevant patent issues and limit the parties' investment of resources to the Court that has exclusive jurisdiction over the validity issues central to this case. For these reasons, judicial economy favors a stay. *See Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, No. 374 Case No. 07-C-0391, Order at 1–2 (E.D. Wis. July 24, 2012) (Exhibit 24) (staying case pending appeal noting that "[i]f Zund prevails on appeal, much if not all of the parties' and the court's work on these proceedings will have been wasted" and "[a]ddressing [pending] motions has consumed a substantial and disproportionate amount of the court's time."); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014) ("A case need not be in its infancy to warrant a stay. Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation.").

### III. CONCLUSION

A stay will cause no undue prejudice to Chemtall, will simplify the issues, and promote judicial economy. As a result, BASF respectfully requests that the Court stay these proceedings and the related proceedings until the final resolution of the appeal of the Infringement Action to the Federal Circuit.

RESPECTFULLY SUBMITTED this 16th day of November, 2018.

/s/ Robert R. Riddle
Robert R. Riddle (Lead Attorney-*pro hac vice*)
Texas Bar No. 24035495
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: 713-469-3800

Todd M. Baiad
Georgia State Bar No. 031605
tmbaiad@bouhan.com
Bouhan Falligant, LLP
Post Office Box 2139
Savannah, GA 31402-2139
Telephone: 912-232-7000

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, an unredacted copy of the within document was filed in person with the Clerk of the Court and served via e-mail. I further certify, I electronically filed a redacted copy of the within document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Robert R. Riddle*
Robert R. Riddle (Lead Attorney-*pro hac vice*)

*ATTORNEY FOR DEFENDANTS BASF SE AND BASF CORPORATION*